IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 8 2006
Michael N. Milby, Clerk

| | |
|---|---|
| LOUDERMILK SERVICES, INC.; § <br> B. R. FINLEY GENERAL CONTRACTOR, § <br> INC., d/b/a BOYD'S EXXON STATION; § <br> LEFEVRE CORPORATION; § <br> LOCK 6 MARINA, INC.; § <br> MARVIN Z. GRAY, d/b/a WASHINGTON § <br> AVENUE CHEVRON; and § <br> HURRICANE SUNOCO AND SERVICE § <br> CENTER INC., on behalf of all others § <br> similarly situated; § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> MARATHON PETROLEUM COMPANY § <br> LLC; MARATHON OIL COMPANY; § <br> MARATHON OIL CORPORATION; § <br> MARATHON PIPE LINE LLC; and § <br> CATLETTSBURG REFINING, LLC; § <br> § <br> Defendants. | MISCELLANEOUS PLEADING <br> CIVIL ACTION NO. <br> **MC-06-372** |

**EMERGENCY MOTION TO QUASH SUBPOENA OF JOHN C. DOVE, JR.**

John C. Dove, Jr. ("Dove"), a non-party in Civil Action No. 3:04-0966 in the U.S. District Court for the Southern District of West Virginia, respectfully requests this Court to quash the Defendants' subpoena compelling his deposition and production of documents.

1. Complying with this subpoena is unreasonable, oppressive, and imposes an undue burden under Fed. R. Civ. P. 45. Any testimony Dove can offer regarding Risk Mitigation would be duplicative of Plaintiffs' designated expert, Glenn Marshall.

2. Defendants' document requests are not reasonably calculated to lead to the discovery of admissible evidence. Further, the requests seek the discovery of highly sensitive tax returns without showing a compelling reason for such documents.

## I.

### Jurisdiction and Standing

Under Fed. R. Civ. P. 45, this Court has jurisdiction over this dispute because the subpoena was issued through the U.S. District Court for the Southern District of Texas.[1] Dove has standing to quash this subpoena because it affects his personal rights.

## II.

### Background

Dove is the president of Risk Mitigation LLC, a consulting business primarily related to the operation of motor fuel dispensing and storage systems. In the underlying dispute, the Plaintiffs designated Glen Marshall of Risk Mitigation as an expert. During Marshall's deposition, it came to light that James M. Cawley, Jr., counsel for Plaintiffs, helped form Risk Mitigation. However, as of June 18, 2004, Mr. Cawley withdrew from any position in Risk Mitigation.[2]

On August 31, 2006, the Defendants served Dove with a subpoena compelling his deposition on September 11, 2006. They also served him with the following document requests pertaining to Risk Mitigation:

1. Copies of any and all Operating Agreements of Risk Mitigation.

2. Copies of any and all IRS Forms K-1 issued by Risk Mitigation.

3. Copies of any and all federal informational tax returns filed with the Internal Revenue Service by Risk Mitigation.

4. Copies of any and all corporate tax returns filed by Risk Mitigation.

---

[1] Although the Defendants did not open a miscellaneous pleading file with this Court, the subpoena was issued by Defendants' counsel with a Southern District of Texas subpoena.

[2] *See* Exhibit A, Affidavit of John Dove.

2

5. Copies of any and all IRS Forms 1099 and/or Forms W-2 issued by or on behalf of Risk Mitigation to James M. Cawley, Jr.

6. Copies of any and all Certificates of Ownership issued by or on behalf of Risk Mitigation;

7. Copies of any and all records reflecting shares or percentages of ownership of Risk Mitigation; and

8. Copies of all correspondence between and/or among Risk Mitigation's members that mention or relate in any way to the ownership, operation or business of Risk Mitigation.[3]

On September 6, 2006, just two days ago, we were retained by Dove to represent him and Risk Mitigation as a non-party in this lawsuit.

### III.

### Argument and Authorities

**A. Complying with this subpoena is unreasonable, oppressive, and imposes an undue burden on Dove and Risk Mitigation**

In order to determine whether a subpoena presents an undue burden, the following factors are considered: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The court may also consider the expense and inconvenience to the non-party. *Id.*

The Defendants have already agreed to re-depose Plaintiffs' designated expert, Glenn Marshall, regarding any issues with Risk Mitigation. Deposing Dove, a non-party, will not only be unduly burdensome, but duplicative as well. Simply put, the Defendants are trying to disqualify Mr.

---

[3] The subpoenas are attached as Exhibit B.

3

Cawley from this lawsuit by fishing for any conflict they can find. Mr. Marshall, as a designated expert, can opine on all matters relating to Mr. Cawley's previous involvement with Risk Mitigation. There is no need to drag Dove into this matter, and the Defendants have not provided otherwise.

The Defendants are seeking highly sensitive information, such as tax returns and financial data, from Risk Mitigation without showing relevancy. Courts have held that income tax returns are highly sensitive documents and that there should be reluctance in ordering their routine disclosure as part of discovery. *Natural Gas Pipeline Company of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993). *See also SEC v. Cymaticolor*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (holding that disclosure of tax returns for purposes of discovery ordinarily demands that the requesting party demonstrate *relevancy and compelling need*) (emphasis added).

The Defendants have not established that there is a compelling need for Risk Mitigation's highly sensitive documents pertaining to tax returns and income. In addition, the Defendants have failed to narrowly tailor their discovery requests, creating an undue burden on Dove. Furthermore, Dove was unreasonably given 10 days to comply with this discovery request.

In sum, this Court should quash Dove's subpoena for being unduly burdensome. The Defendants have not provided a compelling reason for why Risk Mitigation should produce sensitive tax returns, and they have also failed to provide Dove with a reasonable opportunity to comply with the subpoena.

### IV.

### Conclusion and Prayer

This Court should quash the Defendants' subpoena compelling Dove's deposition and production of documents. The subpoena is unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence. Further, the requests seek the discovery of highly sensitive tax returns without showing a compelling reason for such documents.

                              Respectfully submitted,

                              WARE, JACKSON, LEE & CHAMBERS

By: _____
                Paul W. Smith
                Attorney-in-Charge
                State Bar No. 18662700
                2929 Allen Parkway, 42nd Floor
                Houston, Texas  77019
                (713) 659-6400 - Telephone
                (713) 659-6262 - Facsimile

### CERTIFICATE OF CONFERENCE

A conference was held with J. C. Palmer, IV and Keith J. George, attorneys for the plaintiffs, on September 8, 2006. Agreement was not reached.

_____
Paul W. Smith

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the above and foregoing document has been forwarded via certified mail, return receipt requested, facsimile, and/or hand-delivery to all counsel or record on this the _____ day of September, 2006.

                                                    Paul W. Smith

J. C. Palmer IV
Keith J. George
John J. Meadows
Robinson & McElwee
700 Virginia St., East
400 Fifth Third Center
Charleston, WV  25326

Richard E. Rowe, Esquire
Goodwin & Goodwin, LLP
300 Summers St., Suite 1500
Charleston, WV  25301

Gregory B. Breedlove, Esquire
Cunningham, Bounds, Crowder, Brown
   & Breedlove, L.L.C.
1601 Dauphin Street
Mobile, AL  36604

James M. Cawley, Jr., Esquire
Attorney at Law
440 Louisiana St., Suite 2100
Houston, TX  77002

Jeffrey V. Mehalic, Esquire
2011 Quarrier St.
P. O. Box 11113
Charleston, WV  25339